

**IT IS ORDERED as set forth below:**

**Date: March 21, 2022**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| UNITED EXPRESS CAB CO., | CASE NO. 11-55928-PWB |
| Debtor. | CHAPTER 7 |
| EDWARD HELLER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE PROBATE ESTATE OF PATRICIA HELLER, | |
| Plaintiffs, | ADVERSARY PROCEEDING NO. 13-5069-PWB |
| v. | |
| ADMASSE KEBEDE, BEKEL TSEGASELASSIE, JIFAR A. JEBEL, | |

| | |
|---|---|
| KIRUBEL ASSEFA, MARTHA KEBEDE, MEKREN TASSEW, SETEGNE WOUBSHET, TAFARA W. AGEGNEHOU A/K/A TAFARA W. AGEGNEHU, TAFESSE BELACHEW, ZEWDU TESHOME, NIMA ADEM, ADDISU WORDOFA, THE PROBATE ESTATE OF FEKADE S. HAILE, NYALA INVESTMENT LLC, AND UNITED GROUP CAPTIVE INSURANCE COMPANY, | |
| Defendants. | |

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

The Plaintiff seeks leave to amend his complaint to add three counts that he asserts arise from the same conduct set out in the original complaint. The Defendants oppose the motion on the grounds that that there has been undue delay and the amendment would cause undue prejudice to them. For the reasons stated herein, the motion is granted.

The Plaintiff asserts that on January 29, 2003, Patricia Heller was killed while riding as a passenger in a taxicab owned and operated by United Express Cab Co., the Debtor in this bankruptcy case. As set forth in the first amended complaint filed July 6, 2015, the Plaintiff alleges that the Debtor and the Defendants engaged in a series of transfers subject to avoidance under the Bankruptcy Code and state law. The Plaintiff also asserts state law claims for fraudulent distributions, breach of fiduciary duty, piercing the corporate veil, successor liability, turnover, punitive damages, and costs against some or all of the Defendants.

2

The proposed second amended complaint adds counts of actual fraud, conspiracy to commit fraud, and constructive trust against all of the Defendants. The Plaintiff contends that the added counts arise from the conduct set out in the original complaint and expand on the existing claims based on information set forth in the expert report of Karen Fortune which was timely produced on August 30, 2021.

The Defendants contend that the Plaintiff has been unduly dilatory in seeking to amend the complaint because it has been nine years since the filing of the original complaint, almost seven years since the first amended complaint, and six months since the completion of the expert report. The Defendants further contend that they will suffer undue prejudice not only because of the delay, but because the Plaintiff seeks to invoke the tolling of statute of limitations under O.C.G.A. § 9-3-96,[1] which will potentially expand the scope of discovery.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, *applicable under* FED. R. BANKR P. 7015, when Rule 15(a)(1) does not permit amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad

---

[1] O.C.G.A § 9-3-96 provides, "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."

3

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court concludes that it is appropriate to grant leave to the Plaintiff to file a second amended complaint.

First, while both parties' time management is questionable given the age of this case, the Court cannot conclude that the delay in seeking to amend the complaint is "undue."

As a starting point, Rule 15 itself contemplates flexibility and amendment at late dates; it goes so far as to permit amendments during or even after trial. FED. R. CIV. P. 15(b).  The amendments to the complaint here arise from the same nucleus of facts asserted in the original complaint and from Ms. Fortune's expert report produced on August 30, 2021. Ms. Fortune was deposed on October 12, 2021, and two days later the parties jointly requested mediation. An order authorizing the mediation was entered November 2, 2021.  Although the mediation was unsuccessful, it would have been a waste of the parties' resources to continue to engage on a litigation track while simultaneously attempting to mediate, as the consensual extensions of deadlines seem to indicate. [Docs. 287, 293].

The Defendants assert that the proposed amendment is unduly dilatory, especially with reference to facts and theories discovered from Ms. Fortune's report. The argument is somewhat disingenuous in view of the fact that Ms. Fortune's report

4

could only be prepared by reviewing the discovery produced by the Defendants, some of which this Court had to compel them to provide. [Doc. 260].

Second, the Court does not find allowing the second amended complaint will cause the Defendants undue prejudice. The original counts overlap with the new counts, and all of them arise from the same facts. All parties presumably are in possession of the same discovery. The Court declines to consider at this time how or whether O.C.G.A. § 9-3-36 would expand the scope of discovery. This Court, of course, can and will keep this proceeding on a tight leash going forward, which includes reigning in unnecessary discovery and enforcing deadlines.

Based on the foregoing, the Court concludes, in its discretion, that leave shall be given for the Plaintiff to file a second amended complaint. It is

ORDERED that the motion for leave to file a second amended complaint is granted. It is

FURTHER ORDERED that the Defendants shall respond to the amended complaint within the time set forth in Federal Rule 15(a)(3).

**END OF ORDER**

**Not intended for publication**

**Distribution List**

Leslie M. Pineyro
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Nathan Juster
Jones & Walden, LLC
699 Piedmont Ave. NE
Atlanta, GA 30308

James Hugh Potts, II
James H. Potts II, LLC
1348 Ponce De Leon Ave
Atlanta, GA 30306

Aaron M. Kappler
Thompson, O'Brien, Kemp & Nasuti, P.C.
Suite 300
40 Technology Parkway South
Norcross, GA 30092

Viraj P. Deshmukh
Thompson, O'Brien, Kemp & Nasuti, P.C.
Suite 300
40 Technology Parkway South
Peachtree Corners, GA 30092

Albert F. Nasuti
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092